UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM O. RODRIGUEZ,<br><br>  Petitioner,<br><br>   v.<br><br>M. E. SPEARMAN, Warden,<br><br>  Respondent. | Case No. 14-cv-03400-VC  (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Petitioner William O. Rodriguez has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in the Santa Clara County Superior Court. The respondent has filed a motion to dismiss the petition as untimely and as procedurally defaulted. The petition is dismissed as untimely.

## BACKGROUND

Rodriguez pled no contest to attempted robbery of an inhabited building and second degree robbery while armed with a gun. *People v. Rodriguez*, 2012 WL 26935, *2 (Jan. 30, 2012). On April 12, 2011, the court sentenced Rodriguez to eleven years eight months in prison. *Id.* at *3.

On May 23, 2011, Rodriguez filed an appeal and, on January 30, 2012, the California Court of Appeal affirmed the judgment. *Id.* at *4. Rodriguez did not file a petition for review in the California Supreme Court.

On July 12, 2012, Rodriguez filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on October 24, 2012. Pet. Ex. C. On October 6, 2013, Rodriguez filed a petition for a writ of habeas corpus in the Santa Clara Superior Court. On November 22, 2013, in a written order, the Superior Court denied the petition. Pet. Ex. A. On

January 14, 2014, Rodriguez filed a petition for a writ of habeas corpus in the California Court of Appeal, which the court summarily denied on March 4, 2014. Pet. Ex. B. On May 1, 2014, Rodriguez filed a petition for a writ of habeas corpus in the California Supreme Court. On July 9, 2014, the Court denied the petition with a citation to *In re Clark*, 5 Cal. 4th 750, 767-69 (1993). Pet. Ex. C.

On July 17, 2014, Rodriguez filed this federal petition for a writ of habeas corpus.

## DISCUSSION

### I. Applicable Limitations Period

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Rodriguez argues that his petition is timely under §§ 2244(d) (1) (A), (B) and (D).

#### A. Section 2241(d)(1)(A)

Because Rodriguez did not seek direct review of the California Court of Appeal's January 30, 2012 decision, his judgment became final forty days later, on March 12, 2012. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002) (under California law, judgment is final forty days after affirmance by court of appeal if no petition for review filed in higher court) (overruled on other grounds). Under AEDPA, Rodriguez had one year from March 12, 2012, or until March 12, 2013, to timely file his federal habeas petition. *Id.* Because the federal petition was filed on July 14, 2014, it is timely only if tolling applies.

##### 1. Statutory Tolling

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." However, the statute is not tolled for state court petitions filed after the AEDPA deadline has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Because Rodriguez's first petition for habeas review in the California Supreme Court was filed during AEDPA's one-year limitation period, he is entitled to statutory tolling of 105 days, from July 12, 2012 to October 24, 2012, the time during which the petition was pending. The addition of 105 days to the March 12, 2013 federal deadline means that, with tolling, Rodriguez's deadline to file his federal petition was June 27, 2013.

Rodriguez filed his next state habeas petition on October 6, 2013, three months after the federal limitations period expired. Therefore, he is not entitled to statutory tolling for the time his 2013 and 2014 state petitions were pending. Furthermore, because state collateral petitions are pending only during the intervals between a lower court decision and the filing of a new petition in a higher court, Rodriguez is not entitled to tolling for the period between the denial of his first supreme court habeas petition and the filing of his superior court petition. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002); *Stancle v. Clay*, 692 F3d 948, 953 (9th Cir. 2012).

Rodriguez's July 17, 2014 federal petition was filed more than one year beyond the AEDPA June 27, 2013 deadline. Unless equitable tolling applies, the petition is untimely.

**2. Equitable Tolling**

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649; *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). Where a prisoner fails to show "any

1  causal connection" between the grounds upon which he asserts a right to equitable tolling and his
2  inability to timely file a federal habeas petition, equitable tolling will be denied. *Gaston v.*
3  *Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005).

4  Rodriguez argues that he is entitled to equitable tolling because his appellate attorney
5  abandoned him and because he only speaks Spanish.

### a. Attorney Abandonment

7  Rodriguez submits a letter dated April 5, 2012 from his appellate counsel notifying
8  Rodriguez in English and Spanish that his appeal was final as of April 3, 2012 with the issuance of
9  the Court of Appeal's remittitur and that counsel's representation of Rodriguez's was concluded.
10 Opp. Ex. C. Rodriguez argues that, because counsel did not file a petition for review on his behalf
11 in the California Supreme Court or timely notify him when the Court of Appeal issued its January
12 30, 3012 denial of his appeal, counsel abandoned him. He further argues that, because counsel's
13 notification arrived after the forty-day deadline to file the petition for direct review, counsel's
14 abandonment prevented him from filing a timely petition for review. Rodriguez contends that
15 because of counsel's abandonment, he is entitled to equitable tolling for the time he would have
16 had to file a petition for review (forty days from the denial of his appeal) and the time he would
17 have had to file a petition for a writ of certiorari (ninety days from the denial of the petition for
18 review).

19 In non-capital cases, an attorney's miscalculation of the limitations period and negligence
20 in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.
21 *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling not warranted by attorney
22 miscalculation of limitation period); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002)
23 (equitable tolling not warranted by attorney writing letter to petitioner stating wrong due date for
24 federal petition); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (equitable tolling not
25 warranted by attorney miscalculation of limitation period and negligence in general).

26 But "serious instances of attorney misconduct" and attorney abandonment may warrant
27 equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651-52 (2010); s*ee, e.g., Maples v. Thomas*,
28 132 S. Ct. 912, 922-24 (2012) (equitable tolling warranted where petitioner's attorneys left law

United States District Court
Northern District of California

firm without withdrawing as counsel, failed to notify the court or petitioner and were precluded from continuing representation by conflict of interest rules); *Luna v. Kernan*, 784 F.3d 640, 646-49, 652 (9th Cir. 2015) (equitable tolling warranted where attorney wrongfully dismissed stayed federal petition and led petitioner to believe for six-plus years that federal petition would have hearing on merits when nothing had been filed in federal court and limitations period had long since expired); *Rudin v. Myles*, 781 F.3d 1043, 1056-59 (9th Cir. 2015) (equitable tolling warranted where counsel, appointed to represent petitioner in state habeas proceeding, failed to communicate with him, failed to file state or federal habeas petition and failed to investigate petitioner's post-conviction claims for almost two years); *Spitsyn v. Moore*, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling warranted where attorney, retained to file and prepare petition, failed to do so and disregarded requests to return files pertaining to petitioner's case until after date petition was due).

Even if Rodriguez's lawyer abandoned him, within the meaning of these authorities, by failing to notify him of the Court of Appeal's ruling (and thereby failing to notify him that the clock was running to file a petition for review with the California Supreme Court) Rodriguez fails to establish that counsel was the proximate cause of the untimely federal filing. *See Gaston*, 417 F.3d at 1034-35. After receiving counsel's April 5, 2012 letter, three months later Rodriguez filed a petition in the California Supreme Court. This shows that Rodriguez was capable of filing a "protective" federal petition within the one-year statute of limitations while he was exhausting his state remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (prisoner seeking state post-conviction relief may avoid situation where statutory tolling is unavailable because the state petition was denied as untimely, by filing a protective petition in federal court and asking that court to stay and abey the federal habeas proceedings until state remedies are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Accordingly, Rodriguez is not entitled to equitable tolling based on the actions of his appellate attorney.

### b. Language Barrier

Rodriguez argues that he is entitled to equitable tolling because he does not speak English.

"Extraordinary circumstances" that warrant equitable tolling may include a non-English speaker's inability to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source during the running of the limitations period. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). However, a petitioner's language limitations do not per se justify equitable tolling; rather, equitable tolling may be justified only if language barriers actually prevent timely filing. *Id.* at 1069. For equitable tolling to apply, a petitioner must establish that, during the one-year limitations period, he was unable, despite diligent efforts, to procure either legal material in his language, legal assistance, or translation from an inmate, library personnel, or other source. *Id.* at 1070.

Although Rodriguez may not speak English, he found someone to help him file a habeas petition in the California Supreme Court just three months after he received his attorney's notification letter. Because Rodriguez was able to obtain legal assistance during the one-year limitations period, equitable tolling does not apply.

**B. Section 2244(d)(1)(B)**

Rodriguez argues that, under § 2244(d)(1)(B), the actions of his appellate counsel constituted an impediment to his filing a timely petition for review in the California Supreme Court. However, § 2244(d)(1)(B) applies to an impediment to filing a timely habeas petition. Appellate counsel's actions had no effect on the timely filing of Rodriguez's federal habeas petition. At the time counsel notified Rodriguez that his appeal was final, Rodriguez had almost one year to file his federal petition. As discussed above, that Rodriguez filed a habeas petition in the California Supreme Court three months later shows that he had the ability to file a federal habeas petition before the one-year deadline.

**C. Section 2244(d)(1)(D)**

This section provides that AEDPA's one-year deadline begins when the petitioner, through due diligence, discovers the factual predicate of his claim. Rodriguez raises three claims in his federal petition: (1) his warrantless arrest violated the Fourth Amendment; (2) the testimony of the police in their allegedly false reports violated his right to confront and cross examine his accusers; and (3) the failure to compare his fingerprints and DNA to the fingerprints and DNA from the

6

1  crime scene constituted a miscarriage of justice. Pet. at 5. Because these claims arise from events
2  that occurred before Rodriguez pled no contest to the charges, their factual predicates were known
3  to him before his state appeal. Therefore, he is not entitled to a later start date of the federal
4  limitations period under subdivision section 2244(d)(1)(D).

**D. Actual Innocence**

If the failure to hear untimely constitutional claims would result in a miscarriage of justice, the claims may proceed. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The "miscarriage of justice" exception is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Id.* at 314–15. A petitioner must "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* at 324. In cases where the petitioner has pled no contest in exchange for the government forgoing more serious charges, the petitioner's showing of actual innocence must extend to the forgone charges. *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Rodriguez argues that "the facts, contents and exhibits of his petition" show that he is actually innocent. Rodriguez's reference to unspecified facts and evidence submitted with his petition is insufficient to pass through the *Schlup* gateway.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Court grants the motion to dismiss the petition as untimely. Dkt. No. 10.

2. Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

3. The Clerk of the Court will issue a separate judgment, terminate all pending motions and close the file.

**IT IS SO ORDERED**.

Dated: November 9, 2015

VINCE CHHABRIA
United States District Judge